UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

IN RE: AIR CRASH NEAR CLARENCE CENTER,
NEW YORK, ON FEBRUARY 12, 2009,

_____

**DECISION AND ORDER**
09-md-2085

This document relates to:
ALL CASES

## I. INTRODUCTION

On February 12, 2009, while on final approach to the Buffalo Niagara International Airport, Continental Connection Flight 3407 crashed into a house in Clarence Center, N.Y., killing all 45 passengers, the four-person crew, and one person in the house. By order entered October 6, 2009, the United States Judicial Panel on Multidistrict Litigation transferred all then-pending actions concerning the crash of Flight 3407 to this Court for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407. In Re Air Crash Near Clarence Ctr., N.Y., on Feb. 12, 2009, 655 F. Supp. 2d 1355, 1356 (J.P.M.L. 2009). Subsequently-filed actions have also been transferred here.

Presently before this Court is Plaintiffs' Motion to Compel Defendant Continental Airlines, Inc. to Answer Interrogatories and to Produce Documents (Docket No. 501). This Court has reviewed and considered the parties' motion papers and finds oral argument to be unnecessary. For the reasons discussed below, Plaintiffs' motion is granted.

## II. BACKGROUND

Plaintiffs allege that Continental's negligent and reckless acts and omissions, together with those of the other defendants, caused the crash of Flight 3407. Specifically, they contend that Continental's relationship with Defendant Colgan Air, Inc. was such that

Continental retained significant control and oversight over all aspects of the flight as well as the training of the flight crew. Plaintiffs seek compensatory and punitive damages against Continental and all other defendants.

The aircraft at issue, a Bombardier DHC-8-400 ("Q400"), was operated by Colgan in its capacity as one of Continental's four "Continental Connection" carriers. The four "Continental Connection" carriers are Gulfstream International Airlines, Cape Air, CommutAir, and Colgan. Plaintiffs contend that discovery produced thus far reveals that Continental used Colgan and its other three code-share partners as "regional carriers," and exercised considerable control over them, particularly as it relates to safety standards, flight operations, and crew training.

Plaintiffs now seek to compel Continental to produce information concerning (1) Continental's involvement in and control of its "Continental Connection" relationships, and (2) Continental's policies and procedures relating to its training, safety, and flight operations, as well as those of its four "Continental Connection" partners.[1] Continental argues that these requests are outside the reasonable bounds of discovery and that discovery instead should be limited to only the crash of Flight 3407 itself. Continental's position is that its relationships with the three other "Continental Connection" partners and their respective operations, as well as its own operations, are not at issue in this litigation. Continental also maintains that complying with Plaintiffs' discovery demands would be oppressive and unduly burdensome.

---

[1] These two categories encompass Plaintiffs' Document Requests 3, 4, 9–12, 15, 16, 20–28, 33–35, 37, 41, 42, 44–46, 48–50 and Interrogatory Requests 3, 7, 11, 14, 17, 19–23, 25, 27. In its response, Continental indicates that it has agreed to produce documents and things responsive to Document Requests 9, 15, 16, 20, 28, and 42. Those requests are therefore not at issue.

2

### III.  DISCUSSION AND ANALYSIS

A.     **Discovery Standard**

District courts enjoy broad discretion when resolving discovery disputes.  That discretion is exercised by determining the relevance of discovery requests, assessing oppressiveness, and weighing these factors in deciding whether discovery should be compelled.  See Yancey v. Hooten, 180 F.R.D. 203, 207 (D.Conn. 1998).

Discovery in federal court is broad and permissive.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding *any* nonprivileged matter that is relevant to any party's claim or defense . . . ."  (Emphasis added.)  Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence.  See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991));  see also FED. R. CIV. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

This relevance standard is "necessarily broad in scope in order 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" LaForest v. Honeywell Int'l Inc., No. 03-CV-6248, 2004 WL 1498916, at *2 (W.D.N.Y. July 1, 2004) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) and omitting citation); see also Breon v. Coca-Cola Bottling Co. of New England,232 F.R.D. 49, 52 (D.Conn. 2005) ("Relevancy continues to be 'broadly construed, and a request for discovery should be considered relevant if there is *any possibility* that the information sought may be

3

relevant to the claim or defense of any party.'") (citations omitted; emphasis in original).

But this permissive standard is not unfettered. For example, under Rule 26 (b)(2)(C)(I), a court must limit discovery if it finds that the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." A court must also limit discovery if it finds that the burden or expense of the requested discovery outweighs its likely benefit. See Rule 26 (b)(2)(C)(iii).

The party seeking discovery to which it believes it is entitled may seek to compel production under Rule 37 (a). The party resisting discovery bears the burden of specifically demonstrating why the requested discovery — which for documents and things need only be described with "reasonable particularity" under Rule 34 (b)(1)(A) — is objectionable. See Obiajulu v. City of Rochester, Dep't of Law, 166 F.R.D. 293, 295 (W.D.N.Y. 1996). Objections must clearly set forth the specifics of each objection and how that objection relates to the discovery being demanded. Id. (citing Roesberg v. Johns-Manville Corp., 85 F.R.D. 292 (E.D.Pa. 1980)). Pat, generic, boilerplate, and non-specific objections will not suffice. Obiajulu, 166 F.R.D. at 295.

**B.    Relevancy**

Plaintiffs maintain that Continental used its "Continental Connection" system to increase its revenues and decrease its expenses by using code-share partners to operate its regional flights, knowing that its partners had lower safety standards than Continental. Plaintiffs seek to explore Continental's relationship with these partners to determine what level of control Continental exercised, in particular its level of control over Colgan and more

4

generally whether it exerted more or less control over Colgan than its other three partners. According to Plaintiffs, documents provided so far suggest that Continental had significant control over Colgan, such as identifying Flight 3407 with its "CO" designation, providing the tickets and collecting all revenue, controlling the flight schedule, and requiring that Colgan's aircraft be painted in Continental's color scheme with its logo and marks. Other documents suggest that Continental was obligated to review Colgan's safety and operations programs.

Continental characterizes Plaintiffs' requests as seeking "plainly irrelevant" information and maintains that Plaintiffs have requested the information simply to "satisfy a curiosity." Continental views any request not immediately tied to its relationship with Colgan or the crash of Flight 3407 as exceeding the scope of permissible discovery. It also contends that Plaintiffs' individual requests are overly broad.

Continental's view of relevance is too narrow. Plaintiffs' requests are directly related to their claims that Continental was negligent or reckless, at least in part, by not addressing issues and problems that it knew or should have known existed with Colgan's safety standards and crew training practices. The requests are directed to whether Continental had control over Colgan, whether it exercised or failed to exercise that control, and whether its actions contributed to or caused the crash of Flight 3407. These considerations are all relevant to Plaintiffs' claims.

In addition, the level of control Continental exerted over Colgan — and whether it exerted more or less control over Colgan than its other code-share partners — is relevant to the standard of care Continental owed Plaintiffs and is therefore directly relevant to Plaintiffs' claims for negligence, breach of warranty, and punitive damages. Further, information concerning Continental's own flight operations and policies is relevant because

it may reveal whether Continental held its code-share partners to lesser safety standards than it adhered to itself and whether financial considerations drove such a decision, which is relevant to punitive damages.

Consequently, this Court finds that Plaintiffs' requests are relevant and reasonably calculated to lead to the discovery of admissible evidence.

**C.    Undue Burden**

Without any specifics, Continental claims that complying with Plaintiffs' discovery requests will add years to the discovery period and result in production of hundreds of thousands of documents. Plaintiffs recognize in their reply brief that some of their requests could result in the production of documents not relevant to this litigation, but they have expressed a willingness to meet and confer with Continental to narrow the scope of their demands to best isolate and identify responsive documents. This should ameliorate Continental's concerns over the breadth of Plaintiffs' requests, since this Court expects that Plaintiffs will avoid unwanted and unnecessary production. If counsel are unable to agree on the scope of individual requests after meeting and conferring in good faith, this Court will resolve the dispute expeditiously upon motion of either party.

Continental also requests a cost-sharing order, but it has not shown an undue financial burden and with the narrowing of Plaintiffs' requests, the document production is unlikely to be nearly as large as Continental projects.

Consequently, this Court finds that Plaintiffs' requests are not unduly burdensome or oppressive.

## IV.  CONCLUSION

Continental's position that the requested discovery is not relevant and is unduly burdensome is unpersuasive given the facts and issues in this case, the nature of the discovery requested, and the liberal discovery rules that apply.  The information Plaintiffs request is reasonably calculated to lead to the discovery of admissible evidence regarding claims and defenses in this case.  With the guidance that Continental must produce information responsive to Plaintiffs' requests, this Court expects counsel to work cooperatively to narrow the requests such that only documents that Plaintiffs are actually interested in need be produced.  Plaintiffs' Motion to Compel is granted.[2]

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Compel Discovery (Docket No. 501) is GRANTED.

FURTHER, that Continental's request for a cost-sharing order is DENIED.

SO ORDERED.

Dated: September 24, 2011
        Buffalo, New York

                                                         /s/William M. Skretny
                                                WILLIAM M. SKRETNY
                                                      Chief Judge
                                      United States District Court

---

[2] This Court also trusts that this ruling will guide counsel in resolving any ESI disputes that may remain, including appropriate search terms.