UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| IN RE: AIR CRASH NEAR CLARENCE CENTER, NEW YORK, ON FEBRUARY 12, 2009, | **DECISION AND ORDER**<br>09-md-2085<br><br>This document relates to:<br>ALL CASES |

   On November 6, 2009, this Court issued a Case Management Order that, in relevant part, limited to 75 (including all discrete subparts) the number of Requests for Production ("RFPs") that each party could serve without leave of this Court. (Docket No. 2.) The limitation was actually an increase in the number of RFPs a party was permitted to serve under this district's then-existing Local Rule 34, which prescribed 25. This Court increased the number of RFPs due to the nature and complexity of this case, but also did so with the understanding and directive that "[t]he parties shall act in good faith in serving Requests for Production to assure that such Requests are not duplicative and are relevant to this litigation." (Docket No. 2, p. 11.)

   Presently pending before this Court is Plaintiffs' motion to remove or increase to 150 the RFP limitation. (Docket No. 810.) Plaintiffs have used all 75 of their RFPs as to Colgan/Pinnacle, 52 of them as to Continental, and 42 as to Bombardier. (Declaration of Hugh M. Russ, Docket No. 810, ¶¶ 8-10.) Plaintiffs maintain that removal or increase of the RFP limitation is necessary so that they may serve additional RFPs on Colgan/Pinnacle to obtain documents, electronically stored information, and tangible things, in new areas that are discovered and revealed through ongoing depositions. For example, Plaintiffs include 15 additional RFP requests that they anticipate serving on Colgan/Pinnacle. (Russ

Declaration, Exhibit I.)

Defendants maintain that there is no cause to remove or extend the RFP limitation and that Plaintiffs should not be rewarded for failing to prudently use their allotted RFPs. They maintain that Plaintiffs poorly planned their discovery strategy and wasted some RFPs pursuing immaterial issues. Plaintiffs counter that Defendants oppose their motion as part of their systematic pattern of frustrating disclosure.

District courts have considerable discretion to manage the course of discovery. Wood v. F.B.I., 432 F.3d 78, 84 (2d Cir. 2005). Despite the rhetorical flourishes on both sides, there is no indication that Plaintiffs have mismanaged their RFPs or that Defendants seek to unfairly limit discovery. It was known at the outset of this case that discovery limitations may have to be revisited. Depositions are ongoing and time and again counsel have reported that they all underestimated the number of documents and scope of electronic discovery. At no time has it appeared that either side is mismanaging discovery or acting to impede it. And nothing before this Court suggests that Plaintiffs' request should be denied because of the considerations in Rule 26(b)(2)(C)[1].

---

[1] Rule 26(b)(2)(C) provides as follows:

> *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

With depositions ongoing, fairness dictates that Plaintiffs be afforded the opportunity to explore relevant areas of discovery as they become known. Although this Court finds no cause to remove the RFP limitation or extend it to 150, this Court will allot Plaintiffs 35 additional RFPs as to Colgan/Pinnacle. But Plaintiffs must be judicious. They are again directed to make reasonable and non-duplicative requests of Colgan/Pinnacle, and this Court expects that the additional 35 RFPs will be sufficient for Plaintiffs to complete discovery. There is no cause, however, to extend Plaintiffs' RFP limitation as to Continental or Bombardier, because Plaintiffs have not exhausted their initial allotment of RFPs as to either of those defendants.

IT HEREBY IS ORDERED, that Plaintiffs' Motion to Amend the Case Management Order to Remove RFP Limitations (Docket No. 810) is GRANTED in part and DENIED in part, consistent with this Decision and Order.

SO ORDERED.

Dated: January 21, 2012
       Buffalo, New York

                                         /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                     United States District Court