UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN RE: AIR CRASH NEAR CLARENCE CENTER,          **ORDER**
NEW YORK, ON FEBRUARY 12, 2009,                09-md-2085

This document relates to:
ALL CASES

On April 2, 2012, Defendants Pinnacle Airlines Corp. and Colgan Air, Inc. filed a

Notice of Suggestion of Bankruptcy (Docket No. 980), indicating that they filed voluntary

petitions for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code

in the United States Bankruptcy Court for the Southern District of New York on April 1,

2012.

Consequently, on April 18, 2012, this Court entered an Order staying this action as

to the debtors, pursuant to 11 U.S.C. § 362(a).  (Docket No. 983.)  This Court also directed

Plaintiffs and the non-debtor defendants to file briefs explaining their positions concerning

the scope of the bankruptcy stay.  This Court has received and considered those briefs and

now finds that notwithstanding the bankruptcy stay, portions of this case may proceed.

It is well settled that bankruptcy stays pursuant to § 362(a) do not ordinarily

encompass non-bankrupt co-defendants.  See Queenie, Ltd v. Nygard, Int'l., 321 F.3d 282,

287 (2d Cir. 2003) ("A suit against a codefendant is not automatically stayed by the

debtor's bankruptcy filing.") (citing 3 Collier on Bankruptcy § 362.03(3)(d) (15th ed. 2002));

Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-

established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); see also Croyden Assocs. v. Alleco, Inc., 969 F.2d 675, 677 (8th Cir. 1992) (holding that bankruptcy stay applies only to debtor and that the "stay is not available to nonbankrupt codefendants"); Parry v. Mohawk Motors of Mich., Inc., 236 F.3d 299, 314 (6th Cir. 2001) (noting that "[e]xtending a stay [under 11 U.S.C. § 362 (a)] to non-bankrupt co-defendants is justified only in 'unusual circumstances.'")

Plaintiffs' position is that the bankruptcy filing stays all litigation, including discovery from both parties and non-parties, in which the debtors are involved.  But they maintain that document discovery can proceed with the non-debtor defendants.  And they further request that the remaining Continental and Bombardier depositions be scheduled and the motion to compel directed at Continental (Docket No. 962) be briefed and decided, so that depositions can be completed as soon as the stay is lifted.

The non-debtor defendants' concur with Plaintiffs' assessment that all aspects of litigation in which the debtors are involved are stayed.  They also agree that document discovery can proceed, but their position is that motion practice and deposition discovery should be stayed to preserve the debtors' rights and avoid duplication.

Having considered the parties' positions, this Court finds that the bankruptcy stay extends to all proceedings involving the debtors, which includes motion practice and the scheduling and taking of depositions.  Document discovery, including ESI discovery, between Plaintiffs and the non-debtor defendants, however, is exempt from the bankruptcy

2

stay because it does not involve the debtor defendants.  Such document discovery shall therefore proceed.  All other aspects of this litigation are stayed pending further order of this Court.

      SO ORDERED.


Dated:   May 11, 2012
        Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
